IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DELORIS JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 4:19-CV-1781 |
| vs. | ) | |
| | ) | |
| | ) | |
| LIFE INSURANCE COMPANY OF | ) | |
| NORTH AMERICA d/b/a CIGNA | ) | |
| GROUP INSURANCE, | ) | |
| | ) | |
| Serve:  MO Dept. of Insurance | ) | |
| 301 W. High Street, Rm 530 | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| Defendant. | ) | |

COMPLAINT
EMPLOYEE RETIREMENT INCOME SECURITY ACT

COMES NOW Plaintiff Deloris Johnson, by and through undersigned counsel, pursuant to the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001 *et. seq*., and for her cause of action against defendant Life Insurance Company of North America d/b/a Cigna Group Insurance, respectfully states the following:

1. Plaintiff, Deloris Johnson (hereinafter "Ms. Johnson") brings this action against Defendant Life Insurance Company of North America d/b/a Cigna Group Insurance (hereinafter "Cigna") for damages caused by the Defendant Cigna's breach of statutory, contractual and fiduciary obligations and violations of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001 *et. seq.* ("ERISA").

2. This is an action brought pursuant to 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331. Under 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

3. Venue is proper in this District pursuant to 29 U.S.C. §1132(e)(2), in that the subject employee welfare benefit plan and employee insurance program are administered in this District, the breaches of duty herein alleged occurred in this District, and Defendants reside or are found in this district.

### Parties

4. Ms. Johnson is an individual residing in the City of St. Louis, Missouri, 63118, in the Eastern District of Missouri. Ms. Johnson is a vested participant in a Group Insurance Policy for certain employees of Mallinckrodt Enterprises LLC (hereinafter "Mallinckrodt"), which provides an employee benefit plan within the meaning of 29 U.S.C. § 1132(a).

5. Defendant Cigna provides coverage for certain employees of Mallinckrodt under an employee welfare benefit plan (hereinafter "Plan") within the meaning of 29 U.S.C. § 1002. Specifically, Cigna provides long term disability benefit (hereinafter "LTD") through insurance coverage.

6. Cigna is an insurance company incorporated in Philadelphia and is doing business in Missouri under a license to do business as a Foreign Insurance Company. Cigna administers and pays benefits under the terms of the LTD plan and is a fiduciary within the meaning of 29 U.S.C. §1002(16),

7. Mallinckrodt serves as the plan administrator and sponsor under the meaning of 29 U.S.C. § 1002(16).

### Count I

**Denial of Benefits Pursuant to 29 U.S.C. §1132(a)(1)(b)**

8. In May of 2016 Ms. Johnson was forced to stop working and became disabled due to a number of issues, mostly related to but not limited to, symptoms of thoracic outlet syndrome and depression.

9. Principal among Ms. Johnson's pain complaints are severe pain that radiates from her right shoulder and into her and right side chest with activity and lifting.

10. As a result of Ms. Johnson's diagnoses and resulting disability, Ms. Johnson's primary care physician, Dr. Rosa Kincaid has placed the following restrictions and limitations on Ms. Johnson: (1) no lifting greater than five pounds; and (2) to be kept off of work.

11. At the time Ms. Johnson was forced to stop working he was employed by Mallinckrodt as a Chemical Operator III.

12. As part of his employment, Ms. Johnson was an eligible employee under a plan for long term disability benefits provided by Good Earth Tools for its employees.

13. On February 2, 2017 Cigna approved Ms. Johnson for Long Term Disability benefits.

14. On February 21, 2018 Cigna discontinued Ms. Johnson's benefits.

15. It was determined by Cigna that Ms. Johnson did not meet the definition of disability under the language of the Plan because her disabilities did not preclude him from participating in all forms of gainful employment, and indicated that Ms. Johnson could perform a sedentary or light job duties.

16. Ms. Johnson filed a timely appeal of Cigna' denial.

17. Included in her appeal were medical records from all of her treating physician's outlining the specific treatment and care that she is receiving for her multitude of conditions which have resulted in Ms. Johnson's inability to continue working.

18. Despite presenting this objective evidence indicating that she is completely disabled and unable to perform "any occupation" Defendant denied Ms. Johnson's long term disability benefits on February 21, 2018.

19. At all relevant times, Ms. Johnson has been under the care of licensed medical doctors.

20. As a result of the wrongful denial, Ms. Johnson has been damaged in the amount of unpaid benefits.

21. Ms. Johnson has exhausted all of his administrative remedies.

22. Defendant's denial of long term disability benefits was arbitrary and capricious, and not based on substantial evidence, was a breach of their fiduciary duties and was the product of a conflict of interest and serious procedural irregularities.

23. Defendant is required to pay the benefits due under the terms of the Plan, together with prejudgment interest, attorney's fees and costs.

WHEREFORE, Plaintiff Deloris Johnson respectfully prays for judgment against Defendant Life Insurance Company of North America d/b/a Cigna Group Insurance in the amount of unpaid past and future benefits, interest on past due sums, attorneys' fees and costs, and for any other such relief as the Court deems just and proper under the circumstances.

## COUNT II
### Breach Of Fiduciary Duty Pursuant To 29 U.S.C. §1132(A)(3)

24. Plaintiff incorporates and adopts by reference paragraphs 1-23 above as if fully set forth herein.

25. Ms. Johnson also brings this claim against Cigna under 29 U.S.C. § 1132(a)(3), which permits a participant to bring an action to enjoin any act or practice which violates ERISA

or the terms of the Plan or to obtain other appropriate equitable relief to redress such violations or to enforce any provisions of ERISA or the terms of the Plan.

26. In determining benefits under the Plan, Cigna, acting as a fiduciary in the administration of Ms. Johnson's claim:

    a. Failed to adequately consider the facts and circumstance regarding Ms. Johnson's claims;

    b. Failed to adequately investigate the facts supporting Ms. Johnson's Claims; and

    c. Relied on unfair, biased, and inconclusive reviews of Ms. Johnson's medical records in denying his claim for benefits.

27. Defendant Cigna has failed to provide Ms. Johnson a full and fair review of his claim.

### Disability Determination Evaluation

28. On October 24, 2017, Cigna sent Ms. Johnson for a Disability Determination Evaluation (hereinafter "DDE") with Dr. Thomas B. Kibby.

29. The DDE relied solely upon the Records Review of Dr. Kibby. None of Ms. Johnson's treating physicians' restrictions, limitation or opinions were considered for the DDE.

30. Following the DDE, Cigna conducted a Transferable Skills Analysis, based solely upon the restrictions and limitations determined by Dr. Kibby – no consideration was given to the determinations of Ms. Johnson's treating physicians – to determine that Ms. Johnson was unable to perform any gainful employment.

31. The occupations the TSA listed require physical activities directly restricted by Ms. Johnson's physicians – principally the lifting of more than five pounds.

32. Defendant failed to carefully consider Ms. Johnson's claim and chose to base its denial on speculation and conjecture.

33. Defendant, as fiduciary, did not act with care, skill, prudence and diligence in performing either the DDA or the TSA, which was relied on for an adverse benefit decision.

34. Defendant failed to carefully consider Ms. Johnson's claim and chose instead to base its termination of benefits and continued denial on speculation, a biased DDA and a flawed TSA.

35. Defendant breached its fiduciary duties, insofar as it failed to discharge its duties in handling Ms. Johnson's benefits claim in a careful, skillful, and diligent manner.

36. Defendant operated under a conflict of interest due to the fact that it had a financial incentive to terminate and deny Ms. Johnson's ongoing long-term disability benefits.

37. When adjudicating Ms. Johnson's claims for continued disability benefits, Cigna breached its fiduciary duty in that it;

   a. Refused to consider the medical evidence documenting Ms. Johnson's restrictions and limitations; and

   b. Employed an unfair, incomplete and biased process that was designed to create evidence to support a denial of benefits an ignore evidence that supported an award of benefits.

38. Cigna breached its fiduciary duties under ERISA §404, 29 U.S.C. §1104, insofar as it failed to discharge its duties with respect to the Plan solely in the interest of Ms. Johnson, a beneficiary, and for the exclusive purpose of providing benefits to participants and to act in accordance with the documents and instruments governing the Plan.

39. Ms. Johnson has been unjustly denied benefits and is now left with a total loss of long term disability benefits, creating such an injustice as to warrant the enforcement of benefits promised to Ms. Johnson by Cigna.

40. The allegations above merit the imposition of an equitable relief under 29 U.S.C. §1132(a)(3), including specific performance, equitable estoppel and surcharge, in order to

compensate Ms. Johnson for the losses incurred by him and for the unjust enrichment Defendant has realized as a result of its wrongful denial.

WHEREFORE, Plaintiff Deloris Johnson respectfully prays for judgment against Defendant Life Insurance Company of North America d/b/a Cigna Group Insurance granting equitable relief including payment of the amount of unpaid past and future benefits, interest on past due sums, attorney fees and costs and for any other such relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

**GALLAGHER DAVIS, L.L.P.**

*/s/ Adam J. Olszeski*
Matthew R. Davis, #MO58205
Adam J. Olszeski, #MO66126
2333 S. Hanley Road
St. Louis, Missouri 63144
(314) 725-1780
Fax: (314) 725-0101
matt@gallagherdavis.com
adam@gallagherdavis.com

*Attorneys for Plaintiff*
*Deloris Johnson*